**In re Myrtle I. GAYLOR, Debtor.**

**No. 07–31960 (LMW).**

United States Bankruptcy Court,
D. Connecticut.

Nov. 29, 2007.

Myrtle I. Gaynor, New Milford, CT, pro se.

William R. Donaldson, Esq., Donaldson, Kershaw & Norris, LLC, Danbury, CT, for Debtor.

Mitchell J. Levine, Esq., Nair & Levin, P.C., Bloomfield, CT, for Cab East LLC.

Richard Belford, Esq., New Haven, CT, for Chapter 7 Trustee.

*BRIEF MEMORANDUM AND ORDER DENYING MOTION TO APPROVE STIPULATION*

LORRAINE MURPHY WEIL, Bankruptcy Judge.

**WHEREAS,** the above-referenced debtor (the "Debtor") commenced this chapter 7 case by the filing of a petition on August 29, 2007;

**WHEREAS,** no discharge has yet issued in this case. However, no objections to discharge have been filed, the period for such filing has expired (*see* Doc. I.D. No. 7), and the Debtor filed her "Certificate of Debtor Education" on September 28, 2007 pursuant to Interim Rule 4004(c)(1)(H) of the Federal Rules of Bankruptcy Procedure (*see* Doc. I.D. No. 14);

**WHEREAS,** on October 11, 2007, Cab East LLC (the "Lessor") filed a Stipulation for Assumption of the Lease Agreement between Debtor and Cab East LLC (Doc. I.D. No. 16, the "Stipulation") which purports to memorialize the Debtor's as-

sumption pursuant to 11 U.S.C. § 365(p)(2) of a lease (the "Lease Agreement") from Lessor of a certain 2007 Ford Focus. The Stipulation also contains the following verbiage: "The Debtor agrees to ... waive the affect [sic], if any, the discharge under 11 U.S.C. § 524(a) has as to the assumed Lease Agreement;"

**WHEREAS,** also on October 11, 2007, the Lessor filed a motion (Doc. I.D. No. 17, the "Motion") for this court to approve the Stipulation. Lessor elected to prosecute the Motion pursuant to this court's "short calendar" or "bar date" procedure under which a motion may be granted without a formal hearing if no timely objection is filed. (*See* Doc. I.D. Nos. 18, 19.);

**WHEREAS,** no timely objection to the Motion was filed and the Lessor duly requested entry of an order granting the Motion without a formal hearing. (*See* Doc. I.D. No. 20.);

**WHEREAS,** the court exercised its discretion and elected to set the Motion and the Stipulation down for a hearing (the "Hearing") on November 28, 2007. (*See* Doc. I.D. No. 21.);

**WHEREAS,** the Hearing was convened as scheduled and the Lessor appeared through counsel. Neither the Debtor nor her counsel were present at the Hearing;

**WHEREAS,** Bankruptcy Code § 365(p) provides in relevant part as follows:

(2)(A) If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.

(B) If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.

(C) The stay under section 362 and the injunction under section 524(a)(2) shall not be violated by notification of the debtor and negotiation of cure under this subsection.

11 U.S.C.A. § 365(p)(2) (West 2007);

**WHEREAS,** assumption pursuant to Section 365(p)(2) does not require court approval or other court action. *In re Walker,* No. 06–11514C–7G, 2007 WL 1297112 (Bankr.M.D.N.C. April 27, 2007); *In re Rogers,* 359 B.R. 591 (Bankr.D.S.C. 2007);

**NOW, THEREFORE,** it hereby is **ORDERED** that the Motion is denied as unnecessary *provided, further,* that the foregoing is not an adjudication of (1) the effect (if any) the Debtor's impending discharge may have in respect of the purportedly assumed Lease Agreement or (2) the enforceability of the Debtor's purported "waive[r]" of such discharge set forth in the Stipulation because neither of such issues is properly before the court. *Accord Walker, supra; Rogers, supra;* and it is further

**ORDERED** that the Hearing with respect to the Stipulation is marked "off"; *provided, however,* the Stipulation shall remain of record for what it is worth[1]; and it is further

**ORDERED** that no discharge shall enter in this case prior to December 28, 2007 (*cf.* Fed. R. Bankr.P. 4004(c)(2)); *provid-*

---

**1.** The issue of whether the Lease Agreement has been validly assumed pursuant to the Stipulation is not properly before the court and no adjudication is made hereby with respect to such issue. *See Walker, supra.*

*ed, however,* if the Debtor files a written request for immediate entry of discharge, discharge may enter earlier (if otherwise appropriate).[2]

---

2.  The foregoing is intended to preserve the Lessor's and the Debtor's option to enter into a reaffirmation agreement in respect of the Lease Agreement. (*Cf.* 11 U.S.C. § 524(c)(1) (reaffirmation agreement must be "made" prior to the grant of discharge).) However, the foregoing is not intended as an adjudication that compliance with the reaffirmation provisions of Section 524 is necessary here, but, rather, is intended to preserve the reaffirmation option if the Debtor and the Lessor do not want to take the risk that such compliance *is* necessary. *Cf. In re Creighton,* No. 06–13333–RS, 2007 WL 541622 (Bankr. D.Mass. Feb.16, 2007) (reaffirmation necessary); *In re Finch,* No. 06–14016–SBB, 2006 WL 3900111 (Bankr.D.Colo. Oct.2, 2006) (same).